## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Arthur L. MANTI, Attorney at Law.

Supreme Court

*No. 86–0168–D. Filed April 11, 1988.*

(Also reported in 421 N.W.2d 510.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Arthur Manti (Attorney Manti) to practice law in Wisconsin be suspended for six months as discipline for professional misconduct consisting of his harassing

a woman who worked as his secretary, for which he was convicted of two misdemeanors, disregarding court orders not to have contact with the woman, making untrue, irrelevant statements about the woman during his criminal trial, misrepresenting facts to a judge in order to be relieved of representation in a divorce matter, neglecting a legal matter and failing to turn over client files to successor counsel upon request and failing to timely respond to the Board of Attorneys Professional Responsibility (Board) in its investigation.

We determine that a six-month suspension of Attorney Manti's license to practice law is appropriate discipline for his misconduct. In addition to his objectionable personal conduct in the matter involving his secretary, Attorney Manti disregarded a court order, attempted to mislead a judge in order to gain a personal advantage, to the potential disadvantage of a client, and ignored his client's interest in having a file transferred to successor counsel, after he had failed to give that client adequate representation. Attorney Manti has thereby demonstrated a failure to understand and comport himself in accordance with the basic duties and responsibilities of his profession. In his personal conduct he violated the law; in his professional conduct, he placed his interest above those of his clients.

Attorney Manti was licensed to practice law in Wisconsin in 1960 and practices in Milwaukee. He has not previously been the object of attorney discipline. The referee in this proceeding is Attorney Charles J. Herro. Following a hearing, the referee made the following findings of fact and conclusions.

In 1983 Attorney Manti made unwelcome sexual advances to his secretary. The secretary left his

employ as a result, but returned to work shortly thereafter when Attorney Manti promised that his objectionable conduct would not be repeated. Soon thereafter, however, Attorney Manti again had sexual contact with her and prevented her from leaving his office.

The secretary again left Attorney Manti's employ but Attorney Manti continued to pursue her. In October, 1983 he waited for her after a college class and, standing next to her automobile and attempting to talk to her, he held on to the outside mirror and broke it off as she drove away. Attorney Manti then followed her in his own car, striking her automobile with his several times and forcing her car off the roadway. On another occasion, Attorney Manti sat in his car parked in front of the secretary's house, in violation of a court order that he have no contact with her. During an argument which then ensued between Attorney Manti and the secretary's brother, Attorney Manti struck the secretary in the face.

On December 17, 1984, Attorney Manti was found guilty of criminal damage to property and disorderly conduct for these incidents. In that action he filed motions revealing repeated contact with the secretary and claiming sexual contact with her at her home. He served subpoenas on her and on members of her family, requesting the production of numerous items, including title to an automobile her brother owned, information concerning bank accounts and a survey map of her residence. In his opening statement and closing argument at trial, Attorney Manti referred to the secretary in disparaging terms, accusing her of having poisoned her mother and stating that she had previously been sexually assaulted. The court quashed the subpoenas and denied Attorney Manti's motions,

finding them irrelevant. The referee in this proceeding found there was no reasonable basis for Attorney Manti to have believed that the secretary had been sexually assaulted or, if she had, that it was either relevant or admissible in the criminal action. He also found that Attorney Manti's remarks concerning the alleged sexual assault and questions he asked her regarding her sexual experience, marital status and other personal matters at trial were intended to degrade her.

The circuit court placed Attorney Manti on probation and ordered him to have no contact with the secretary or her family and ordered him to undergo a psychological evaluation. Despite the no contact order, Attorney Manti spoke to the secretary as she was getting off a bus, asking her if she would let him off probation, and he sent a letter to her and to members of her family. His probation was twice revoked and he served brief periods in jail for violating the terms of probation.

The referee concluded that Attorney Manti's criminally damaging property, engaging in disorderly contact and having sexual contact with the secretary at his office and preventing her from leaving constituted illegal conduct involving moral turpitude, in violation of SCR 20.04(3)(1986). He also concluded that Attorney Manti's repeated disregard of the court's order violated SCR 20.40(1)(1986), that his motions and subpoenas were intended merely to harass or maliciously injure the secretary, in violation of SCR 20.36(1)(a)(1986), that his reference to her alleged prior sexual assault violated SCR 20.40(3)(a)(1986) and that his statements made in trial about her violated SCR 20.40(3)(b)(1986).

In another matter, while attending a hearing in 1980 before a family court commissioner in a divorce action on behalf of a client, without prior notice to his client, Attorney Manti asked to withdraw as counsel because his client had not paid him. When the family court commissioner recessed the hearing to consider the request, Attorney Manti went to a circuit judge, whom he asked to approve his withdrawal as counsel, telling the judge that a hearing was to be held that day but neglecting to state that the hearing was at that moment in progress and that several witnesses were present to testify. The judge granted Attorney Manti's oral motion to withdraw as counsel. Subsequently, however, after learning the facts, the judge considered that Attorney Manti had misrepresented the facts and assessed costs against him. The referee concluded that Attorney Manti thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986), and intentionally violated procedural rules and local court rules governing an attorney's withdrawal from representation, in violation of SCR 20.40(3)(g)(1986).

In another matter in 1980, while retained to represent a personal injury client, Attorney Manti pursued recovery from a liability insurer but did not file an action on the client's behalf, and the statute of limitations expired. The referee found that Attorney Manti did not maintain adequate office procedures to notify him of the impending expiration of the statute of limitations on his client's claim. After the client terminated his representation and retained another attorney, Attorney Manti failed to turn over his file to successor counsel despite repeated requests to do so. The referee concluded that Attorney Manti thereby neglected his client's legal matter, in violation of SCR

20.32(3)(1986), and failed to turn over client files to successor counsel upon request, in violation of SCR 20.16(1) and (2)(1986).

In addition to the foregoing, Attorney Manti failed to timely respond to the Board's requests for information concerning his failure to turn over the client's file to successor counsel, thereby violating SCR 22.07(2).

We adopt the referee's findings of fact and conclusions of law and agree that a six-month suspension of Attorney Manti's license to practice law is appropriate discipline for his misconduct. Attorney Manti will then be required to establish prior to reinstatement of his license that his conduct since suspension has been exemplary and above reproach and that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards. SCR 22.28.

On September 4, 1987, Attorney Manti filed an objection to the Board's statement of costs in this proceeding on the grounds that there was no itemization or indication of the rate of compensation paid Board counsel or the referee, that there was no accounting made of the time actually spent preparing for and participating in the hearing and that much of the costs were "excessive, were needlessly incurred, and could easily have been avoided or lessened by stipulation or other means." Pursuant to its customary procedure, after the objection was filed, the Board sent Attorney Manti a detailed accounting and itemization of the costs and expenses. Attorney Manti's objection to the costs was not renewed, and we reject the original objection.

IT IS ORDERED that the license of Arthur Manti to practice law in Wisconsin is suspended for a period of six months, commencing May 13, 1988.

IT IS FURTHER ORDERED that within 60 days of the date of this order Arthur Manti pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Arthur Manti to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Arthur Manti comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.